IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00869-WDM-MJW

JENNIFER HEFFERN, and
DENNIS HEFFERN,

Plaintiff(s),

v.

BESART NEZIRAJ,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

    It is hereby ORDERED that the Pro Se Defendant Besart Neziraj's Motion for Order [the letter that this court is considering as a Motion for Order is requesting payment for an airline ticket to attend the Rule 16 Scheduling Conference on July 13, 2010, at 2:00 p.m.] (docket no. 12) is DENIED. There is no legal authority for this relief in this type of civil lawsuit.

    It is FURTHER ORDERED that the Pro Se Defendant Besart Neziraj shall comply with the Federal Rules of Civil Procedure and the Local Rules of Practice, the latter of which can be obtained from the Clerk's Office or on-line at www.cod.uscourts.gov, including filing all requests to the court in the form of a motion, rather than in a letter, and complying with D.C.COLO.LCivR 7.1(A) ("The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.").

    Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." ***Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); Hickey v. (NFN) Van Austin et al., 1999 CJC.AR 5979***

    The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. ***Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998)*** (pro se plaintiffs are held to the same rules of procedure which apply to other

1

litigants).

It is not the proper function of the district court to assume the role of advocate for the pro se litigant. ***Gibson v. City of Cripple Creek, 48 F 3d 1231, (10th Cir. 1995).***

Date: July 8, 2010